UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re: JOHNNY RAY MOORE

JOHNNY RAY MOORE                                    Case No. 3:16-CV-01737-VAB
          Appellant

U.S. TRUSTEE
          Notice

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB, AS TRUSTEE FOR NORMANDY
MORTGAGE LOAN TRUST, SERIES 2013-18
          Appellee

JPMORGAN CHASE BANK, N.A.
          Appellee

**RULING ON MOTION FOR RECONSIDERATION**

Johnny Ray Moore ("Appellant") has appealed the Bankruptcy Court's October 5, 2016

denial of a motion for reconsideration of its denial of his motion for an order to show cause, in which

he claimed that Appellees violated a discharge injunction by obtaining a foreclosure judgment on one

of his properties.  On February 3, Mr. Moore moved to stay the appeal proceedings "until after the

[Bankruptcy Judge' makes Findings and Conclusions of law with regards to the Automatic Stay

Pursuant to 11 U.S.C (C)(1)(2) as to the real estate property which is the subject of this Appeal."

Mot. to Stay, ECF No. 16, 1. On June 13, 2017, this Court issued an order denying Mr. Moore's

motion to stay the appeal proceedings.[1]  *See* Ruling, ECF No. 26.  Mr. Moore has now moved the

Court to reconsider that decision.  Mot. to Alter Judgment, ECF No. 28.

For the reasons outlined below, Mr. Moore's Motion for Reconsideration is DENIED.

---

[1] In its ruling, the Court also granted Mr. Moore's request for an extension of time to respond to Appellees' motions
to dismiss his appeal and for a more definite statement.  *See* ECF No. 14. The Court established a deadline of July
14, 2017, which it then extended to July 24, 2017 after learning that Mr. Moore had not received a copy of the
Ruling until June 26. Updated Scheduling Order, ECF No. 27. Because the Court declines to reconsider its June 13
ruling in its entirety, it leaves intact the July 24 deadline.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)). "[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257. The Local Rules of this District, which Mr. Moore cites, similarly provide that "[s]uch motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. Rule 7(c) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions.").

In his motion, Mr. Moore argues that the Court's Order is "[p]rejudicial towards the Appellant and would deny the Appellant's Due Process and Equal Protection under the law pursuant to 11 U.S.C. § 362(C)(2) of the United States Bankruptcy Code." Mot. Alter, 2. He believes that the Court "failed to consider the fact that it is without subject matter jurisdiction to grant any relief to the Appellee's if in fact the Appellee's violated the automatic stay as it pertains to the assets of the Bankruptcy Estate." *Id.* at 4. He adds that the Court "failed to consider evidence that his Bankruptcy Case was never closed and therefore that the subject property remains property of the Bankruptcy Estate." *Id*. at 4. He also references "new information" with "far reaching" effect, pointing to the Bankruptcy Court's suggestion, at a January 10, 2017 hearing, that Mr. Moore's initial bankruptcy action remained open. *Id.* He also argues that the Bankruptcy Court "severely prejudiced" him by allegedly delaying an evidentiary hearing that would allow him to resolve the issue. *Id*. at 5.

Mr. Moore has failed to meet the "strict" burden that *Shrader* and the Local Rules require; thus the motion for reconsideration is appropriately denied. Mr. Moore has not specified any clear error committed by the Court. He points to the fact that the Bankruptcy Court observed at a hearing that his 2012 bankruptcy case may still be open. The Court reviewed this evidence in its initial order, however, and concluded that there was no reason to stay Mr. Moore's appeal pending the Bankruptcy Court's determination as to whether Mr. Moore's bankruptcy case was still open. Even if Bankruptcy Court were to rule that a bankruptcy stay were in effect, which could, as Mr. Moore argues, theoretically cast doubt on Appellees' foreclosure judgment, this Court's jurisdiction would be limited to the issues Mr. Moore raised in his appeal. The Court must work "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Mr. Moore's argument mainly focuses on the importance of the automatic stay that, he alleges, could be in place in his action. Mot. Amend, 4 ("The violation of a Bankruptcy Automatic Stay is a serious violation and is just cause for sanctions against the Appellee's and its counsel, with a penalty of putative damages awarded to the injured party in this case the Appellant."). The Court recognizes that the existence of such a stay would have important consequences. Even if it stayed this action, however, this Court could not review Mr. Moore's argument about the bankruptcy stay until he raised this argument in the Bankruptcy Court. On appeal, this Court generally cannot consider questions that were not raised in the court below. *See In re Macrose Indus. Corp*., 186 B.R. 789, 802 (E.D.N.Y. 1995) ("Although an appellate court retains discretion to decide questions not initially raised in the proceedings below, the general rule is that an appellate court will not consider an issue not passed upon below unless failure to entertain the issue will result in a manifest injustice.").

Mr. Moore also seems to argue that the Court lacks jurisdiction to hear his appeal. Mot. Amend, 8 ("The Appellant initially filed this Appeal as a final judgment. However, with the Appellant's bankruptcy case remaining open, there is no final judgment for which the Appellant can

appeal from, rendered by the Bankruptcy Court.").  "Because bankruptcy proceedings often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings." *In re Prudential Lines, Inc*., 59 F.3d 327, 331 (2d Cir. 1995) (internal citations omitted).  District Courts therefore can hear an "immediate appeal in bankruptcy cases of orders that finally dispose of discrete disputes within the larger case." *Id.* (adding that "In sum, for a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.").  The Court notes that the order Mr. Moore appealed "completely resolve[d] all of the issues pertaining to a discrete claim" —namely his argument that his creditors' foreclosure violated the discharge injunction in his bankruptcy case—and therefore is an appealable order.

Mr. Moore's Motion for Reconsideration therefore is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 10th day of July, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE